UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ELAINE L. CHAO, SECRETARY OF LABOR,     :
UNITED STATES DEPARTMENT OF LABOR,
                                        :    CIVIL ACTION
              Plaintiff,                :
         v.                             :    No.    05 - 843

IT FACTORY SOLUTION, INC., and PUTNAM   :
FIDUCIARY TRUST COMPANY,
                                        :
              Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

2005 DEC -5 PM 4:41

## COMPLAINT

Elaine L. Chao, Secretary of Labor, United States Department of Labor, hereby alleges:

### JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. § 1001, et seq., and is brought to obtain relief under Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, in the form of equitable remedies that will redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue with respect to this action lies in the District of Delaware, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. The Solutions by Design, Inc. Money Purchase Plan ("the Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is, therefore,


GOVERNMENT EXHIBIT A

subject to the coverage of the Act pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a).

5. Solutions by Design, Inc. ("SBD"), a Virginia corporation, was the administrator and sponsor of the Plan.

6. In May 2000, SBD was acquired by IT Factory, Inc. ("ITF") and was merged with IT Factory Solution, Inc. ("ITFS"), a wholly owned subsidiary of ITF. ITF and ITFS were both Delaware corporations.

7. After the merger of SBD and ITFS, ITFS became the trustee of the Plan and the Plan Administrator.

8. In December 2001, ITF ceased doing business in the United States, and ITFS subsequently filed for bankruptcy and dissolved.

9. ITFS's corporate status in Delaware is "void".

10. For purposes of this Complaint, the relevant period is defined as January 1, 2000 to date.

### THE PARTIES

11. The Secretary, pursuant to Sections 502(a)(2) and (5) of the Act, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

12. ITFS is the trustee of the Plan and the Plan Administrator and thus a fiduciary to the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), and a party in interest with respect to the Plan within the meaning of ERISA Section 3(14)(A), 29 U.S.C. § 1002(14)(A).

13. Putnam Fiduciary Trust Company ("Putnam") is joined as a party defendant pursuant to

Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## **GENERAL ALLEGATIONS**

14. On or about April 1, 1980, SBD established the Plan to provide retirement benefits to eligible participants of the participating employer – SBD.

15. As of February 2005, the Plan had sixty eight (68) participants and $1,040,908.46 in Plan assets.

16. Putnam is the custodian for the assets held in the Plan.

17. In June 2000, SBD was merged with ITFS, ceased operations, and stopped making contributions to the Plan.

18. After December 2001, ITFS ceased operations.

19. Since ITFS ceased operations, it has not taken fiduciary responsibility for the operation and administration of the Plan and its assets, nor has it appointed anyone to assume said responsibility.

20. Since ITFS ceased operations, participants and beneficiaries of the Plan have not been able to obtain distributions from the Plan of their individual account balances.

21. In December 2000 the Board of Directors of ITFS passed a resolution that the Plan be terminated. However, the termination was never effectuated.

22. Once the Plan is terminated, the terms of the Plan require the trustee to distribute the Plan assets to the participants and beneficiaries.

## VIOLATIONS

23. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-22, inclusive.

24. By the actions and conduct described in paragraphs 19-22, ITFS as fiduciary of the Plan,

   a. failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and

   b. failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays that this Court enter an Order:

A. Removing defendant ITFS from its position as fiduciary with respect to the Plan and appointing an independent fiduciary to administer the Plan in order to effectuate its termination and the distribution of Plan assets to the participants and beneficiaries;

B.  Directing defendant Putnam Fiduciary Trust Company to turn the assets of the Plan over to the independent fiduciary appointed by the Court to administer the Plan;

C.  Awarding the Secretary the costs of this action; and

D.  Ordering such further relief as is appropriate and just.

        Howard M. Radzely
        Solicitor of Labor

        Catherine Oliver Murphy
        Regional Solicitor

        _M. Swirsky (by RC)_
        Mark V. Swirsky
        Attorney

        U.S. DEPARTMENT OF LABOR

        Colm F. Connolly
        United States Attorney

By:     _/s/_
        Rudolph Contreras
        Chief, Civil Division
        Assistant United States Attorney
        District of Delaware
        1007 N. Orange Street, Suite 700
        P.O. Box 2046
        Wilmington, DE 19899-2046
        (302) 573-6277 ext. 154

        Attorneys for Plaintiff